## JAMES PALEN *vs.* ROSWELL SHURTLEFF.

P., the second indorser of a note, residing in New York, duly received notice from a notary public of the dishonor of the note, and also a like notice from the notary, addressed to S., the first indorser, who resided at Springfield, but whose residence was unknown to the notary : P., on the day on which he received these notices, transmitted to S., by mail, the notice addressed to him by the notary. *Held,* that this notice, so transmitted, was sufficient to render S. liable to P., who had paid the note.

ASSUMPSIT by the second against the first indorser of the following note : "Springfield, 13th June 1842. Four months after date, I promise to pay to the order of R. Shurtleff, Esq., at the Phœnix Bank, Hartford, Conn., two hundred and eighty five dollars and eleven cents, for value received. O. W. Wilcox." The note was indorsed in blank by R. Shurtleff (the defendant) and James Palen (the plaintiff.) It was also indorsed by W. Edmonds, cashier of the Mechanics Bank in New York, who ordered it to be paid to H. S. Bunce, Esq., cashier of the Phœnix Bank, or order.

The case was submitted to the court on the agreed statement which follows : Shurtleff, the payee and first indorser, resides in Springfield. Palen and Edmonds, the second and third indorsers, reside and do business in the city of New York. The note was presented at the Phœnix Bank, in Hartford, for payment, and was protested for non-payment on Saturday, the 15th of October 1842, by Walter Mitchell, a notary public, who, being ignorant of the place of residence or business of Shurtleff and Palen, enclosed a notice to each of them in a letter directed to Edmonds, the last indorser. Edmonds received these notices on the 17th of said October, and delivered them to Palen on the same day ; and Palen, on the same day, deposited the notice to Shurtleff in the post office at New York, addressed to him at Springfield. This notice was received by Shurtleff, in due course of mail, on the morning of October 19th. The following is a copy of this notice : "Phœnix Bank, Hartford, 15th October 1842. R. Shurtleff, Esq. Sir: O. W. Wilcox's note for $285$\frac{11}{000}$ dollars, at four months from June 13th 1842, indorsed by you, was this even-

49 *

ing protested for non-payment. This is to notify you that the holder looks to you for payment. Yours, &c. Walter Mitchell, notary public, and attorney for Phœnix Bank." The note was paid and taken up by Palen, the present holder and plaintiff in this suit.

The manner of giving and sending notice, adopted by the notary in this case, was conformable to the general practice and custom of the Phœnix Bank and the other banks in Hartford, when the residence of indorsers is unknown.

H. L. Bunce, the cashier of the said Phœnix Bank, was acquainted with R. Shurtleff and his place of business, on the 15th of October 1842.

*H. Morris*, for the plaintiff.

*F. Cummins*, for the defendant.

SHAW, C. J. Upon the facts stated, the court are of opinion that the plaintiff has proved due notice of the dishonor of the note, to enable him to sustain this action. Had this action been brought by the Phœnix Bank, who were holders when the note was dishonored, it is doubtful whether it could have been sustained ; because the notice should have been sent direct to the indorser, the defendant, whose place of residence was known to the cashier, from whom the notary might, on inquiry, have ascertained the fact. But the question now arises in a suit by a second indorser, who has been obliged to pay the note, against a first indorser.

Every indorser, in a suit against a prior indorser, may avail himself of due notice of dishonor, given by the holder, if such notice has in fact been given. But he is not obliged to rely upon such notice ; and as he has, in general, no means of knowing whether such notice has been given, and as the holder is not bound to give notice to all the indorsers, but only to such one or more of them as he means to resort to for payment, it is competent for him, when he himself receives notice, to notify such prior indorser or indorsers as he means to look to ; and it is safer for him to do so. And the law allows him an entire day to do this ; that is, it is sufficient that he forwards such notice the day following that on which he received notice. *Grand Bank* v. *Blanchard*, 23 Pick. 305.

Let us apply these rules to the present case. The note would have become due on the 16th of October; but the last day of grace being Sunday, it fell due and was protested on Saturday the 15th. The bank notified their immediate indorser, Edmonds, by whom notice was received seasonably, in New York, on Monday the 17th. He gave notice to Palen on the same day, though it would have been seasonable on the next. Palen therefore was seasonably notified, was bound to pay, and did pay and take up the note. On the same day he forwarded, by mail, the notice to the defendant, which was in due season. *Eagle Bank* v. *Chapin*, 3 Pick. 180.

A doubt was suggested, by the defendant's counsel, whether the notice should not have been signed by Palen, as a notice coming from him, and whether his forwarding the notary's official notice was sufficient. But we think there is no ground for such doubt. In general, a notice from any party to a note or bill of exchange will avail any other party who has occasion to prove it. Bayley on Bills, (2d Amer. ed.) 249. *A fortiori* is this true when such notice comes from one who is holder of the note or bill. Here the notice was signed by an officer, duly authorized by the nature of his office, and as the attorney of the bank; and the plaintiff's seasonable transmission of this official notice to the defendant gave him all the information and all the benefit which a formal notice from the plaintiff could have given. *Hartford Bank* v. *Barry*, 17 Mass. 94. *Church* v. *Barlow*, 9 Pick. 547.

*Judgment for the plaintiff.*